UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DARREN KEITH STEWART,           )
                                )
                Petitioner,     )
                                )
        vs.                     )   No. 2:16-cv-00330-WTL-DKL
                                )
RICHARD BROWN Superintendent, Mr., )
                                )
                Respondent.     )

**Entry Dismissing Petition for Writ of Habeas Corpus**

The petition of Darren Keith Stewart for a writ of habeas corpus challenges a jail disciplinary proceeding that occurred prior to his sentencing in state court and while he was incarcerated at the Jefferson County Jail. The respondent moves to dismiss this action on the ground that the petitioner failed to exhaust his state court remedies. For the reasons explained in this Entry, the respondent's motion to dismiss, dkt. [11], is **granted**, and the petitioner's habeas petition is **dismissed without prejudice**.

To succeed on a petition for a writ of habeas corpus, a petitioner must first "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "[W]hen the habeas petitioner has failed to fairly present . . . the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

The parties dispute what remedies were available to the petitioner to challenge the good-time credits lost as a result of the disciplinary proceeding. The petitioner argues that he exhausted his administrative remedies at the Jefferson County Jail, which is all that was required. The

respondent contends that, unlike the more typical prison disciplinary proceedings that can only be challenged administratively rather than in Indiana state courts, the disciplinary proceeding at issue here must be challenged in Indiana state courts because the credit-time deprivation was part of the underlying criminal judgment.

Ordinarily, "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002); *see Blanck v. Ind. Dept. of Corr.*, 829 N.E.2d 505, 509 (Ind. 2005). However, the respondent is correct that the disciplinary proceeding at issue here, because it occurred prior to sentencing in state court, was included in the judgment when the petitioner was sentenced. Specifically, in the judgment, the state court concluded that "no good time credit shall be given [from June 21, 2013 through April 27, 2014,] based upon the administrative actions taken by the Sheriff of Jefferson County." Dkt. 11-2 at 4; *see* dkt. 11-1 at 2. This determination was made by the state court because, under Indiana law, it "must" include in the judgment "the amount of credit time earned for time spent in confinement before sentencing." Ind. Code § 35-38-3-2(b)(4).

Unlike prison disciplinary actions over which Indiana state courts lack subject matter jurisdiction, *see Blanck*, 829 N.E.2d at 509, defendants, of course, may appeal their criminal judgments to the Indiana Court of Appeals and Indiana Supreme Court, *see* Ind. Code § 35-38-4-1. This includes appealing the credit-time determination included in the judgment. *See, e.g.*, *Robinson v. State*, 805 N.E.2d 783 (Ind. 2004). Defendants may also collaterally attack their convictions and sentences by pursing post-conviction relief in the Indiana state courts. *See Ind. Rules of Procedure for Post-Conviction Remedies* 1. Simply put, when a disciplinary proceeding

from a county jail is included in the state-court criminal judgment, as happened here, Indiana state courts constitute an "available" remedy that must be exhausted pursuant to § 2254(b)(1)(A).

In his response, the petitioner presents evidence that he filed a "Motion for Jail Time Credit," with the state sentencing court. This motion was denied on February 1, 2017, which is after the respondent had filed the instant motion to dismiss this action. The state court noted in its order denying the motion that it had already determined that the petitioner should not receive good time-credits due to the disciplinary violations he committed in Jefferson County Jail. *See* dkt. 15-1 at 12.

Whether or not this motion was the petitioner's attempt to utilize the available remedies in state court, there is no record that the petitioner has ever raised the loss of good-time credits as reflected in the state court judgment to the Indiana Court of Appeals or Indiana Supreme Court. Thus, the petitioner has failed to exhaust his remedies as required by § 2254(b)(1)(A), and his habeas petition must be dismissed. It is unclear from the parties' submissions whether the petitioner's "opportunity to raise [his claims] in state court has passed" such that his claims are procedurally defaulted. *Perruquet*, 390 F.3d at 514. Accordingly, the dismissal of his petition shall be without prejudice due to his failure to exhaust his administrative remedies.

Final judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 4/26/17

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

DARREN KEITH STEWART
246939
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only